IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent,** ) | |
| ) | |
| vs. ) | |
| ) | Case Nos.   11-4008-JAR |
| **ABEL MOCTEZUMA-DOMINGUEZ,** ) | 07-40123-01-JAR |
| ) | |
| **Defendant/Petitioner.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Abel Moctezuma-Dominguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 32). In his motion, petitioner seeks relief on the grounds that: (1) his criminal history was not properly calculated; (2) certain Sentencing Guidelines were erroneously applied to him; and (3) he was denied effective assistance of counsel when his counsel failed to pursue certain arguments at sentencing. The government has filed a Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 and to Enforce the Plea Agreement (Doc. 37). For the following reasons, the Court grants the government's motion to enforce the plea agreement and denies petitioner's motion.

**I.      Procedural Background**

On January 16, 2008, petitioner entered a guilty plea to Count 1 of the Indictment, which charged a violation of 8 U.S.C. § 1326(a), aggravated re-entry into the United States without

permission.[1] Petitioner was represented by attorney Thomas G. Lemon through his guilty plea,[2] and by attorney Richard J. Lake at his sentencing.[3] Petitioner signed a plea agreement[4] stating he understood that, if the Court accepted his plea agreement, he would be sentenced to not more than 20 years imprisonment and not more than three years of supervised release, there could be a fine of up to $250,000, and the mandatory special assessment of $100.[5] The plea agreement states that, if the Court accepts the guilty plea, petitioner would not be permitted to withdraw it.[6] In both the Petition to Enter Plea of Guilty and the plea agreement itself, petitioner stated that his guilty plea was voluntary.[7] Also in both documents, petitioner indicated that he was "fully satisfied" with the advice and representation of his counsel, and he believed his attorney did "all that anyone could do to counsel and assist" him.[8]

Most importantly, in the plea agreement, petitioner acknowledged that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence."[9] In fact, the plea agreement specifically states that he waives his right to challenge his sentence in "any

---

[1] (Doc. 1).

[2] (Doc. 8, Doc. 16 at 1).

[3] (Doc. 20, Doc. 30 at 1).

[4] (Doc. 16).

[5] *Id.* at 8.

[6] *Id.* at 12.

[7] *Id.* at 5, 15.

[8] *Id.* at 4, 14, 15.

[9] *Id.* at 13.

2

collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . ."[10]

At the plea hearing, petitioner stated on the record that he was satisfied with his counsel's advice and representation, including his lawyer's explanation of the terms and consequences of the plea agreement.[11] The Court verified that petitioner was entering into the plea agreement under his own free will, and that there were no additional oral promises or oral agreements offered by the government.[12] When the Court asked petitioner if he understood that he was agreeing to "waive or give up [his] right to appeal or attack anything to do with the prosecution, conviction, or sentence in this case," petitioner responded affirmatively.[13] Further, petitioner agreed that he understood that the Court's acceptance of his guilty plea would result in a sentence of up to twenty years in prison.[14]

Petitioner's sentencing hearing was held on October 20, 2008.[15] The Court sentenced petitioner to 70 months of custody followed by two years of supervised release and the special condition that petitioner be surrendered to an authorized immigration official for deportation.[16] On January 28, 2011, petitioner filed the instant motion.[17]

---

[10] *Id.*

[11] (Doc. 36 at 4).

[12] *Id.* at 4–5.

[13] *Id.* at 7.

[14] *Id.* at 11.

[15] (Doc. 29).

[16] (Doc. 30 at 2–4).

[17] (Doc. 32).

3

**II.     Analysis**

The Court will first address whether petitioner waived his right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering a guilty plea under the agreement. The Court will then address petitioner's other grounds for relief.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court is required to conduct an evidentiary hearing in a § 2255 case.[18]  In this case, the Court determines that the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in his motion.

**A.     Waiver of the Right to Collaterally Attack Sentence**

Petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.[19]  The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[20]  Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[21]  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[22]

---

[18] 28 U.S.C. § 2255(b).

[19] (Doc. 16 at 13).

[20] *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[21] *United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[22] *Hahn*, 359 F.3d at 1325.

### 1. Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[23] The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[24] As described above, petitioner's plea agreement contained a provision waiving his right to appeal and collaterally attack his sentence. The law ordinarily considers such a waiver sufficient "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."[25] In this case, it is clear from the language of the plea agreement itself, as well as the Rule 11 colloquy at the plea hearing, that petitioner understood he was waiving his right to appeal or collaterally attack his conviction and sentence as a condition of the plea agreement. Petitioner also clearly understood the possible range of his sentence. The Court finds that the scope of this waiver unambiguously precludes petitioner from collaterally attacking by way of a § 2255 motion any matter in connection with his prosecution, conviction, and sentence. Therefore, petitioner's collateral claims regarding (1) the use of prior convictions in calculating his criminal history, and (2) the Pre-Sentence Report's assessments, are precluded by his plea.

The Court will address below whether petitioner's ineffective assistance claims may fall outside the scope of the waiver under the *United States v. Cockerham*[26] exception.

---

[23] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[24] *Hahn*, 359 F.3d at 1328.

[25] *Id.* (emphasis in original).

[26] 237 F.3d at 1187 (holding that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver").

## 2. *Knowing and Voluntary Waiver*

Petitioner's waiver is enforceable when said waiver is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[27] When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[28] Here, both requirements are met because the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily. For example, at the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver, and the defendant agreed with that statement:

> THE COURT: All right. And your plea agreement includes your agreement to waive or give up your right to appeal or attack anything to do with the prosecution, conviction, or sentence in this case, with certain exceptions. And those exceptions are mentioned in paragraph 11 of your plea agreement. But other than those exceptions, you understand that you are waiving or giving up your right to appeal?
>
> THE DEFENDANT: Yes, Your Honor.[29]

Petitioner also stated on the record that his decision to plead guilty was made voluntarily and of his own free will.[30] Further, he stated that he did not receive any additional oral promises or agreements, other than what was contained in the agreement itself.[31] Petitioner is "bound by

---

[27] *Id.* at 1183.

[28] *Hahn*, 359 F.3d at 1325.

[29] (Doc. 36 at 7).

[30] *Id.* at 4–5.

[31] *Id*. at 5.

6

his solemn declarations in open court" that contradict the statements in his motion that he did not understand the consequences of the plea or waiver of appeal.[32] Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[33] This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[34] The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a miscarriage of justice.[35] Here, petitioner's sentence does not exceed the statutory maximum, there is no evidence of an error seriously affecting the judicial proceedings, nor is there any evidence that the district court relied on any impermissible factor. Therefore, petitioner's only plausible argument is that he received ineffective assistance of counsel in conjunction with the negotiation of the waiver, which is discussed below.

### B. Ineffective Assistance of Counsel

---

[32] *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[33] *Hahn*, 359 F.3d at 1327.

[34] *Id.*

[35] *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

Petitioner claims that his counsel was ineffective for: (1) failing to pursue petitioner's objections to his sentence, and (2) "[failing] to raise the constitutional issue."[36] Under *United States v. Cockerham*,[37] a plea agreement waiver of post-conviction rights, such as those of appeal or collateral attack, "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[38] However, in order for petitioner's ineffective assistance claims to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[39] Here, neither of petitioner's claims survives the waiver of appeal in his plea agreement under *Cockerham* because, even if petitioner could prove his claims of ineffective assistance of counsel, the claims do not pertain to the validity of the plea.

Petitioner's first claim of ineffective assistance of counsel is that counsel erred by failing to pursue petitioner's collateral challenges to his sentence. This claim fails under *Cockerham* because it pertains only to petitioner's sentence and not to the validity of the plea. Petitioner's second claim of ineffective assistance is that counsel failed to "raise the constitutional issue." Although petitioner does not specify which constitutional issue his counsel failed to raise, he does cite *United States v. Booker*,[40] which the Court construes as a *Booker* challenge to his sentencing. Like the first claim, this claim pertains only to petitioner's sentence, not to the validity of the plea. Petitioner draws no connection between *Booker*'s holding regarding

---

[36] (Doc. 32 at 2, 4–5, 7, 8).

[37] 237 F.3d at 1187.

[38] *Id.*

[39] *Id.*

[40] 543 U.S. 220 (2005).

8

sentencing guidelines and petitioner's decision to plead guilty. Therefore, petitioner's second claim also fails under *Cockerham*.

The record shows that petitioner entered into the plea agreement with all appropriate information regarding his sentencing and his right to appeal. The Court clarified during the plea colloquy that it was not bound to impose any particular sentence, up to the maximum sentence of twenty years of imprisonment.[41] Also, the Court confirmed with petitioner that he understood he was waiving his rights of appeal or collateral attack under the plea agreement.[42] Because petitioner's claims of ineffective assistance of counsel do not pertain to his plea agreement, his § 2255 motion is barred by the waiver of appeal and collateral attack included in that agreement.[43]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 32) is DENIED;

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Plea Agreement and for Dismissal of Defendant's § 2255 Motion (Doc. 37) is GRANTED;

**IT IS SO ORDERED.**

Dated: June 13, 2011

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[41] *Id.* at 10–11.

[42] *Id.* at 7.

[43] *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (requiring that an ineffective assistance claim must pertain to the validity of the plea before it can survive a waiver).